**JUDGE KAPLAN**

**12 CIV 6554**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISAIAH SIMMONS,

                      Plaintiff,

– against –

CITY OF NEW YORK, POLICE OFFICERS JOHN DOE
1 THROUGH 3, EACH IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITIES,

                      Defendants.

---

Civ. Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

    Plaintiff Isaiah Simmons, by his attorneys, Galluzzo and Johnson LLP, for his Complaint against Defendants City of New York and Police Officers John Doe 1 through 3, employed by the New York City Police Department, upon personal knowledge and upon information and belief, alleges as follows:

## NATURE OF THE ACTION

    1. On October 1, 2011 at approximately 10:00 PM, while in the vicinity of 202 West 116th Street between 7th and 8th Avenues in the County and State of New York, Plaintiff was standing in front of a barber shop waiting to get a haircut, when Defendant Police Officers John Doe 1 through 3, employed by the City of New York and the New York City Police Department, approached him and placed him in handcuffs without any cause or articulable reason. Defendant Police Officers 1 through 3 proceeded to search Plaintiff's person without permission or consent. After conducting the search, which yielded no contraband or fruits of any crime whatsoever, and without cause to believe that Plaintiff had committed any arrestable offense, Defendant Police Officers 1 through 3 nevertheless restrained Plaintiff in handcuffs and placed him under arrest without reason. Plaintiff was then transported against his will to the 28th Police Precinct where he remained in a jail cell for approximately six hours. Without legal justification, Plaintiff was

then transported to central booking at 100 Centre Street where he was detained against his will, without being charged, until approximately 3:00 PM the next day. Upon reviewing the circumstances of the arrest, the New York County District Attorney's Office declined to prosecute Plaintiff for any offense and released him from the courthouse without any criminal charges.

2. Plaintiff brings this action against the aforementioned police officers, and their employer, the City of New York, for personal injuries and loss of wages among other things, arising out of their assault, battery, false arrest, false imprisonment of him, and their violation of Plaintiff's civil rights.

## PARTIES

3. Plaintiff Isaiah Simmons is a natural person who resides in Bronx County, New York.

4. Defendant City of New York is, and was at the time of the incident giving rise to this action, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York. At all times relevant to the action, Defendant City of New York employed the remaining Defendant Police Officers in connection with its control, operation, and maintenance of the New York City Police Department.

5. At all relevant times, herein, Defendant Police Officers John Doe 1 through 3 were police officers employed by the New York City Police Department and were acting in the capacity of agents, servants, and employees of the City.

## JURISDICTION AND VENUE

6.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

7.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

8.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

9.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(a), (b)(1), b(2) and (c) as a substantial part of the events or omissions giving rise to the claim occurred in the County of New York which is located in the Southern District of New York and in that New York City resides for venue purposes within the Southern District of New York.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with General Municipal Law ("GML") § 50 and all procedural requirements necessary to commence a lawsuit against Defendants, including Defendant City of New York.

11. This is an action for psychological injuries and loss of wages, sustained by Plaintiff arising out of actions perpetrated by Defendants on October 1, 2011 into October 2, 2011.

12. On or about October 26, 2011, within ninety days after the accrual of the instant action, a satisfactory Notice of Claim was filed with Defendant City of New York on behalf of Plaintiff.

13. On or about December 5, 2011, Plaintiff testified at a hearing pursuant to GML § 50(h) at the request of Defendant City of New York.

14. Defendant City of New York has refused or neglected to make any adjustment or payment on Plaintiff's claims.

15. Plaintiff hereby commences this action within one year and ninety days of the date of accrual of the instant action.

## FACTUAL ALLEGATIONS

16. On October 1, 2011, at approximately 10:00 PM, Plaintiff was in front of a barber shop located in the vicinity of 207 West 116th Street, between 7th and 8th Avenues in New York County, waiting for his turn to get a haircut.

17. While he was waiting, Plaintiff was joined by a friend who walked up to the front of the barber shop.

18. Plaintiff and his friend engaged in a conversation about traveling to Atlantic City and playing dice games.

19. At some point, someone produced a pair of dice, and Plaintiff and his friend took turns throwing the pair of dice against the barber shop steps.

20. Plaintiff and his friend never engaged in gambling but instead were rolling the pair of dice for amusement.

21. After they were done rolling the pair of dice, Plaintiff put the pair of dice in his pocket.

22. Shortly hereafter, a black, unmarked vehicle drove up to the barber shop where Plaintiff was standing with his friend.

23. Defendant Police Officers John Doe 1 through 3 got out of the vehicle, all in uniform, and approached Plaintiff and his friend.

24. Defendant Police Officer John Doe 1 ("John Doe 1") walked up to Plaintiff, and without saying anything to him, began searching him by patting him down and putting his hands in his pockets.

25. John Doe 1 then searched Plaintiff a second time and recovered a pair of dice from his pocket.

26. John Doe 1 asked Plaintiff if he was gambling, and Plaintiff responded that he was not.

27. John Doe 1 then placed Plaintiff in handcuffs.

28. Once he was handcuffed, Plaintiff was forcibly placed in a police vehicle, without being told why this was being done.

29. Plaintiff was then removed, against his will, to the 28th police precinct in New York County.

30. While at the 28th police precinct, Plaintiff was searched again, photographed, fingerprinted, and placed in a holding cell for approximately two hours.

31. After approximately two hours, Plaintiff was removed to another holding cell within the 28th Precinct, where he remained for approximately four hours.

32. While at the 28th police precinct, Plaintiff questioned several police officers as to why he was being arrested, and no one answered.

5

33. On October 2, 2011, at approximately 4:00 AM, Plaintiff was brought to Central Booking, where he was informed that he was being charged with various gambling related offenses.

34. Plaintiff was held in central booking for a total of eleven hours, during which time he was subjected to another search..

35. At approximately 3:00 PM on October 2, 2011, Plaintiff was released from Central Booking without being charged with any offense, and without being given a ticket or a summons.

36. At the time of his arrest, Plaintiff had been hired by the Department of Education to work as a paraprofessional and was scheduled to start his first day of work a couple of days later.

37. As a result of this arrest, and notwithstanding the fact that he was released without any charges pending against him, the Department of Education suspended Plaintiff without pay.

38. As a result of this arrest, Plaintiff was suspended without pay for eleven days in October, 2001 by the Department of Education.

39. For each day that he could not work, Plaintiff lost approximately $129.61 in salary, for a total of approximately $1425.71.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

**As Against Defendant City of New York and Defendant Police Officers John Doe 1-3**

40. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment, among other violations to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. 1983.

42.     The conduct and actions of Defendant Police Officers John Doe 1 through 3, and the Defendant City of New York, acting under color of law in falsely imprisoning, detaining, and assaulting, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification, and were designed to and did cause mental and emotional harm and suffering in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. 1983, et seq., deprived the Plaintiff's Constitutional rights including, but not limited to, his rights under the Fourth and Fourteenth Amendments guaranteeing due process, right to fair trial and equal protection under the law, and Title 42 U.S.C. 1983, et seq.

43.     Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 through 3, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York, and while acting under the color of state law.

44.     The actions taken by Defendant Police Officers John Doe 1 through 3 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## <u>FALSE ARREST</u>

### As Against Defendants

45.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.  On October 1, 2011 through October 2, 2011, Defendant Police Officers John Doe 1 through 3 intentionally arrested and confined Plaintiff without probable cause and without his consent.

47.  Defendant Police Officers John Doe 1 through 3 caused injuries to Plaintiff, including psychological injuries and loss of wages, among other things.

48.  Defendant Police Officers John Doe 1 through 3 took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

49.  Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 through 3, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

50.  The aforementioned actions taken by Defendant Police Officers John Doe 1 through 3 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## **FALSE IMPRISONMENT**

**As Against Defendant City of New York and Defendant Officers John Doe and Joe Doe**

51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 50, inclusive, as though fully set forth herein.

52. On October 1, 2011 through October 2, 2011, Defendant Police Officers John Doe 1 through 3 intentionally caused Plaintiff to be imprisoned and confined at the 28th Police Precinct and Central Booking, which is operated and controlled by Defendant City of New York.

53. Defendant Police Officers John Doe 1 through 3 did not have probable cause or other justification to imprison and confine Plaintiff.

54. Plaintiff did not consent to the aforementioned imprisonment and confinement.

55. Defendant Police Officers John Doe 1 through 3 caused injuries to Plaintiff, including psychological injuries and loss of wages, among other things.

56. Defendant Police Officers John Doe 1 through 3 took the aforementioned actions against Plaintiff during the course, and within the scope, of his employment with Defendant City of New York.

57. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 through 3, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

58. The aforementioned actions taken by Defendant Police Officers John Doe 1 through 3 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## BATTERY

**As Against Defendant City of New York and Defendant Officers John Doe and Joe Doe**

59. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 58, inclusive, as though fully set forth herein.

60. On October 1, 2011 through October 2, 2011, Defendant Police Officers John Doe 1 through 3, through their actions, intentionally initiated wrongful physical contact with Plaintiff without his consent.

61. Defendant Police Officers John Doe 1 through 3 handcuffed and restrained Plaintiff without legal justification, causing Plaintiff to sustain psychological injuries and loss of wages, among other things.

62. Defendant Police Officers John Doe 1 through 3 took these actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

63. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Doe 1 through 3, taken against Plaintiff within the scope of employment with Defendant City of New York under the doctrine of *respondeat superior*.

64. The Actions taken by Defendant Police Officers John Doe 1 through 3 – and thus, by Defendant City of New York – against Plaintiff were willfull, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendants, jointly and severally, for damages for the following relief:

a. compensatory damages against Defendant's, jointly and severally, in an amount to be determined at trial, with pre- and post-judgment interest;

b. lost wages in an amount to be determined at trial;

c. attorneys' fees and the costs of the instant action, including all costs incurred herein;

d. punitive damages;

e. such other and further relief as the Court deems proper and fair.


Dated: New York, New York
       August 22, 2012

                                      GALLUZZO & JOHNSON LLP

                                      _____
                                      Zachary H. Johnson
                                      *Attorney for Plaintiff King B. Best*
                                      Galluzzo & Johnson LLLP
                                      48 Wall Street, 11th Floor
                                      New York, New York 10005
                                      Tel: 212.918.4661